CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 15, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **SOL-DAMACUS BURKE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 7:25-cv-00480** |
| | ) | |
| **WARDEN DAVID ZOOK, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

**MEMORANDUM OPINION**

Plaintiff Sol-Damacus Burke, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.[1] Dkt. 1, 4. Having reviewed this action pursuant to 28 U.S.C. § 1915A, I will dismiss the Amended Complaint for failure to state a claim upon which relief may be granted.

"Section 1983 imposes liability on state actors who cause the 'deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015). However, the court must dismiss any action filed by a prisoner against a state defendant if the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

---

[1] Burke initially filed a pleading he designated as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. However, as Burke was challenging the constitutionality of prison conditions instead of the validity of his conviction or length of his sentence, the court construed it as an action under § 1983 and instructed Burke to file an Amended Complaint, which he did. Dkt. 3, 4.

Burke alleges excessive force and inhumane prison conditions in violation of the Eighth Amendment against staff at both Wallens Ridge State Prison and Red Onion State Prison, but he fails to identify the staff members at fault in his Amended Complaint. Dkt. 4. The single staff member identified, Officer Robertson, is named in an exhibit signed by another inmate and alleges excessive force against that inmate, not Burke. Dkt. 4-1. Burke names as defendants Warden Zook, Chief of Security Hall, Operations Manager Rose, Hearing Officer King, Regional Ombudsman Meade, along with several circuit court judges[2] and a clerk of the circuit court but includes no factual allegations against these defendants. Dkt. 4. Burke alleges that on May 15, 2024, he and several other inmates were escorted to B-4, a restricted housing unit at Red Onion, despite Burke being assigned to A-1 housing unit. *Id.* Officers "cuffed and shackled" Burke to a table for more than four hours, but completed none of the required procedural steps necessary to move an inmate to restricted housing. *Id.* Burke alleges that unidentified "D.O.C. staff" assaulted him while he was in "full restraints, not posing any threat to staff or inmates." *Id.* After submitting an informal complaint about this incident at Red Onion, Burke "as reprisal" was transferred to Wallens Ridge. *Id.* Since his transfer, Burke complains that has been "falsely written up, had personal property destroyed by staff, [and been] subjected to inhuman[e] treatment" including confinement in a restricted housing unit, and being "locked in cell for 24 hours a day for months with no outside recreation" and no access to the law library. *Id.*

---

[2] Burke references an "independent action" currently before the Supreme Court of Virginia and requests "joinder" of that case and those defendants, pursuant to Federal Rules of Civil Procedure 18, 19, and 20. Dkt. 4. However, "joinder" of a state court lawsuit is not permitted under these Rules. Further, a plaintiff may only join different defendants in the same suit if the claims against them arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all defendants. Fed. R. Civ. P. 20(a)(2).

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). The Eighth Amendment requires that prison officials "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id*. The Eighth Amendment also forbids "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prisoner bringing an Eighth Amendment excessive force claim must make both an objective and subjective showing. *Alexander v. Connor*, 105 F.4th 174, 182 (4th Cir. 2024). The objective prong "asks whether the force applied was sufficiently serious to establish a cause of action." *Id.* (quoting *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019)). "This is not a high bar, requiring only something more than '*de minimis*' force." *Brooks*, 924 F.3d at 112. On the other hand, the subjective prong, is a more "demanding standard" that asks whether the officer acted with "a sufficiently culpable state of mind." *Alexander*, 105 F.4th at 182 (quoting *Brooks*, 924 F.3d at 112, 119).

As stated, Burke fails to identify the prison staff he alleges violated his constitutional rights, including by using excessive force or imposing inhumane prison conditions. Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). For this reason, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Simply put, Burke must name every defendant he intends to bring a § 1983 action against in the caption

3

of the complaint and specifically describe in the body of the complaint how each defendant

violated Burke's federal rights.[3]

Burke also lists four other inmates as plaintiffs in this action, but Burke as a pro se

plaintiff, is not permitted to represent other pro se individuals.[4] *Hummer v. Dalton*, 657 F.2d

621, 625–26 (4th Cir. 1981) (a prisoner's lawsuit is "confined to redress for violation of his own

personal rights and not one by him as a knight-errant for all prisoners"); *Myers v. Loudoun Cnty.*

*Pub. Schls.*, 418 F.3d 395, 400 (4th Cir. 2005) (holding that while an "individual unquestionably

has the right to litigate his *own* claims in federal court" that does not create right to litigate for

others). Likewise, a pro se inmate cannot prosecute a class action suit. *Oxendine v. Williams*, 509

F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is

---

[3] The court has reviewed the Amended Complaint and attachments and Burke makes no allegations against any other correctional officers or other potential defendants. Burke does reference various correctional officers and wide-ranging injustices in the grievances and other papers he submitted to the court as additional evidence in docket 8 and 14, as well as exhibits to his original § 2254 Petition. However, searching for possible defendants in these filings, which total well over 100 pages, would improperly transform the court into an advocate, especially because it is far from clear which of the correctional officers referenced could be a correct defendant. This differentiates Burke's situation from the recent Fourth Circuit case *Nichols v. Bumgarner*, No. 24-7215, 2026 WL 1084251 (4th Cir. Apr. 22, 2026). In *Nichols*, the Fourth Circuit acknowledged that district courts need not "carefully comb through every line searching for all possible defendants." *Id.* at *4. But, nonetheless held that when "the body of a pro se complaint [using a court-issued form] makes it clear that an additional party is intended as a defendant" the district court must help remedy the error, including by either giving the pro se plaintiff the opportunity to add a defendant to the caption, or instructing the court to serve the unnamed defendant. *Id.* Here, this action is dismissed without prejudice and Burke is instructed to name all defendants in the caption of any suit he may refile.

[4] Two of these plaintiffs submitted exhibits to the Amended Complaint with allegations of being shot by Officer Robertson while walking to the shower and being assaulted by "several inmates" while using the phone and not protected by staff. Dkt. 4-1. The court previously denied Burke's motion to amend his complaint, primarily because Burke cannot bring claims on behalf of other inmates and his proposed Second Amended Complaint largely consisted of affidavits from various inmates regarding their own allegations of mistreatment. Dkt. 11, 15. Burke's objection to that order is denied. Dkt. 16.

4

unassisted by counsel to represent his fellow inmates in a class action"). To the extent the other

inmates whom Burke attempts to name as plaintiffs wish to pursue their own claims, those

inmates may file separate actions.

Accordingly, this action will be dismissed without prejudice under 28 U.S.C.

§ 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order

accompanies this memorandum opinion.[5]

Entered:  May 15, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[5] Because I will dismiss this action without prejudice, I will also deny as moot Burke's pending Motion for Preliminary Injunction. Dkt. 12. Burke references correctional officers in this motion that are not named as defendants. As already explained, to the extent that Burke refiles his action, he must identify all defendants by adding them to the caption of his new complaint and including specific allegations against these defendants in the body of his complaint.